51 CCPA

**Application of Elmer L. TARBOX.**
**Patent Appeal No. 7169.**

United States Court of Customs and Patent Appeals.
June 11, 1964.

Cecil L. Wood, Dallas, Tex., for appellant.

Clarence W. Moore, Washington, D. C. (L. F. Parker, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals affirming the examiner's rejection of the only claim remaining in appellant's application Serial No. 803,641, filed April 2, 1959, for Exercising Device.

The device is attached to a person's arm or leg for use in developing the muscles thereof. A form of the device is shown in the following elevational view, Figure 4, of the application:

Fig. 4

In the drawing a relatively wide band 1 comprises coextensive inner and outer thicknesses, the latter, designated 7, stitched together. The inner thickness

may be of sheep skin having its fur exposed to provide a cushion for engagement with a limb of a user while the outer thickness is shaped to provide a pair of pockets 8 which are generally rectangular and are spaced apart transversely of the band. A weight conforming to the shape of the pockets is disposed in each pocket. The sides of the pockets are secured by stitching and the ends by rivets 10 although snap fasteners may be substituted for the rivets to permit removal of the weights. Two pairs of straps 2 are riveted to opposite ends of the band so that it may be secured around an arm or leg of a user.

The device may be applied in such manner that the pockets, with their weights, are positioned on opposite sides of the arm or leg.

The references relied on are:

| Waller | 2,241,833 | May 13, 1941. |
|---|---|---|
| Whitelaw | 2,832,334 | April 29, 1958. |
| Martin (British) | 572 | November 15, 1890. |

Waller discloses an exercising device which holds weights and is adapted to be laced onto a user's forearm or just above the ankle. An elevational view of the device before it is applied to the arm or leg of a user is shown in figure 1 of the patent reproduced below:

Fig. 1

Formed between leather sheets 11 and sheets 19 of resilient material are a plurality of pockets in which elongated weights 21 are retained by means of the latter sheets contracting around a reduced end portion of the weights.

Whitelaw relates to a therapeutic device which may be used in exercising certain joint muscles of the human arm. The device includes a sling adapted to cradle a user's forearm, which sling is provided with a padding of corresponding size and includes a pair of straps securing it to the arm.

The British patent discloses an anklet or spat which is provided with a plurality of pockets for carrying or storing coins. Positive closures in the form of buttons and straps are provided on the pockets.

In his brief, appellant sets out the elements of the appealed claim, with emphasis where indicated, as follows:

"8.   A weighting device for attachment to an arm or a leg, for use in exercising it, comprising:

"(a) a flexible band having relatively narrower straps for adjust-

ably and removably securing it about an arm or leg;

"(b) the band having a *pair* of rectangular pockets, *closed at their ends,* arranged transversely thereof intermediate its ends;

"(c) and a pair of weights each received in one of the pockets;

"(d) the band comprising inner and outer thickness of non-elastic material, coextensive with each other, *having the pockets formed between them,* and *having cushioning means on one side of said inner thickness, coextensive therewith,* adapted to be disposed between the weights and an arm or leg;

"(e) the pockets being spaced longitudinally relative to the band whereby the device is adapted to be applied to an arm or a leg with the weights *on opposite sides, rearwardly thereof, and with the straps positioned forwardly,* so that the device is substantially balanced and may be worn comfortably."

The examiner's rejections of the claim as unpatentable over Waller alone, or Waller in view of the British and Whitelaw patents, were affirmed by the board. It was recognized that Waller does not meet all the recitations of the claims, but the differences were not regarded as involving any changes of an unobvious nature.

Appellant emphasizes that the Waller device is adapted to be laced on the user's body and does not comprise "a flexible band having relatively narrow straps," and further points to the recitations which he italicizes in the claim, reproduced above, as distinguishing over Waller. Reliance on Whitelaw and the British patent is questioned on the allegation that the former is from a "remotely analogous art," and the latter is not intended for use as an exercising medium.

It is true that appellant's exercising device, as defined in the appealed claim, distinguishes from the Waller device. However, the record convinces us that appellant's invention would have been obvious to a person of ordinary skill in the art in view of the references of record.

Thus, we think the substitution of straps for the laces of Waller is clearly suggested by Whitlaw and the British patent. Both of those references, which use such straps in an analogous manner for securing bands about an arm or leg, would normally be considered by a person of ordinary skill in the art seeking to develop an exercising device of the Waller type. The pockets of Waller, being formed between sheets 11 and 19, it would be no more than an obvious modification in design to use, in place of the latter sheet, another leather sheet coextensive with the leather sheet 11, and cooperating with it in the same manner to enclose the weights.

We are unable to find anything unobvious in employing but a single pair of individual pockets in lieu of the two groups of pockets in Waller. Neither would it be unobvious to a person skilled in the art to close the pockets of Waller at the top and with positive closures such as the buttons or straps shown for closing pockets in a similar environment in the British patent.

The cushioning means on the inner surface of the strap is clearly suggested by similar cushioning means, or padding, coextensive with the Whitelaw straps on the side which engages the arm of the users.

We do not question the utility or attractiveness of appellant's device. However, we are obliged, under 35 U.S.C. § 103, to sustain the board's rejection of the appealed claim because the prior art clearly demonstrates that the subject matter would have been obvious to a person of ordinary skill in the art at the time the invention was made.

The decision is affirmed.

Affirmed.