**12 AMERICANS INC., Plaintiff—Appellant,**

**v.**

**MSNBC INTERACTIVE NEWS LLC, Defendant—Appellee.**

No. 02–35985.

D.C. No. CV–01–01083–JCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 3, 2004.

Decided Feb. 20, 2004.

Thomas Banducci, Gary D. Luke, Stoel Rives LLP, Boise, ID, Jennifer Merrick, Stoel Rives LLP, Seattle, WA, for Plaintiff–Appellant.

Kirk A. Dublin, Todd L. Nunn, Preston Gates & Ellis LLP, Seattle, WA, for Defendant–Appellee.

Before TROTT, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

12 Americans, Inc. ("12 Americans"), an Internet startup company, appeals the district court's summary judgment in its diversity action alleging breach of contract and promissory estoppel. 12 Americans contends that MSNBC was obligated by contract or promissory estoppel to use 12 Americans' polling services on MSNBC's Web site during and after the 2000 election campaigns.

We affirm the district court's summary judgment. Because the parties are familiar with the record, we recite only the facts necessary to explain our decision, taking the facts in the light most favorable to 12 Americans, the non-moving party.

This court reviews de novo the district court's grant of summary judgment. *See United States v. City of Tacoma*, 51 C.C.P.A. 1409, 332 F.2d 574, 578 (2003). The panel may affirm the summary judgment on any ground supported by the record. *See Simo v. Union of Needletrades*, 322 F.3d 602, 610 (9th Cir.2003).

### 1. Contract

■ The parties agree that Washington substantive law governs the plaintiff's claims. When examining whether there was mutual assent in the form of offer and acceptance, Washington follows an objective manifestation test and asks what a reasonable person would have concluded, rather than looking for unexpressed subjective intent. *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wash.2d 692, 699, 952 P.2d 590, 594 (1998).

12 Americans argues that the oral statement "we've got a deal" constituted acceptance. However, 12 Americans did not make an offer capable of being accepted. The October 11, 1999 letter expressly states that it is only making "suggestions" concerning the terms of an agreement, and proposes that MSNBC prepare an agreement for 12 Americans' review. The letter was thus merely an invitation to participate in further negotiations. Such an invitation to negotiate that reserves the right of acceptance does not constitute a valid offer. *See Pacific Cascade Corp. v. Nimmer*, 25 Wash.App. 552, 556–58, 608 P.2d 266, 268–69 (1980), *rev. den.*, 93 Wash.2d 1030 (1980).

In *Nimmer*, after several exchanges of correspondence, Nimmer sent a letter of intent concerning a prospective land lease to Pacific Cascade. Upon receiving the letter, Pacific Cascade believed a deal had been made and took steps to develop the land. Nimmer, however, withdrew from negotiations before the lease was drafted and executed. *See Nimmer*, 25 Wash.App. at 554–56, 608 P.2d 266. The letter of intent at issue in that case stated: "The above [terms] however, must remain subject to the appropiate [sic] documentation and signing." *Id.* at 557, 608 P.2d 266. Considering that language, the court warned about conflating preliminary negotiations and final contracts:

[G]reat care should ... be taken not to construe the conduct, declarations or letters of a party as proposals when they are intended only as preliminary negotiations. The question in such cases is, did the offerer mean to submit a proposition, or was he only settling the terms of an agreement on which he proposed to enter, after all its particulars are adjusted? If it is intended merely to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

start negotiations which may subsequently result in a contract, or is intended to call forth an offer from the one to whom it is addressed, its acceptance does not consummate a contract. The fact that the parties do intend a subsequent agreement to be made is strong evidence to show that they do not intend the previous negotiations to amount to any proposal or acceptance. An agreement, to be finally settled, must comprise all the terms which the parties intended to introduce into the agreement and until the terms of a proposal are settled, the proposer is at liberty to retire from the bargain.

*Id.* at 556–57, 608 P.2d 266 quoting *Coleman v. St. Paul & Tacoma Lumber Co.*, 110 Wash. 259, 272, 188 P. 532, 537 (1920). In this case, because the letter, by its own terms, did not constitute a valid offer, the statement "we've got a deal" created no legally enforceable contract.

2. Promissory Estoppel

■ 12 Americans fails to prove the essential elements of a promissory estoppel claim. In Washington, a proper claim for promissory estoppel consists of the following elements: "(1) [a] promise which (2) the promisor should reasonably expect to cause the promisee to change his position and (3) which does cause the promisee to change his position (4) justifiably relying upon the promise, in such a manner that (5) injustice can be avoided only by enforcement of the promise." *Havens v. C & D Plastics, Inc.*, 124 Wash.2d 158, 171–72, 876 P.2d 435, 442 (1994) quoting *Klinke v. Famous Fried Chicken, Inc.*, 94 Wash.2d 255, 259 n. 2, 616 P.2d 644 (1980). Given the unambiguous language of the October 11, 1999 letter inviting further negotiation and reserving the right to accept a written agreement drafted by MSNBC, it was unreasonable for 12 Americans to rely on the further negotiations or the oral statement "we've got a deal" as constituting a prom-

ise sufficiently definite to justify reliance. At the most, the promise MSNBC would have made pursuant to the October 11 letter was a promise to produce proposed agreement terms for 12 Americans' review. But MSNBC *did* produce such terms, on June 20, 2000. Although MSNBC then withdrew those terms before 12 Americans responded, 12 Americans is not claiming reliance on the June 20 document or seeking to enforce its terms. Thus, the district court correctly determined that the promissory estoppel claim failed as a matter of law.

## CONCLUSION

Although 12 Americans did devote significant amounts of time and resources to developing a relationship and negotiating with MSNBC, those efforts ultimately failed. The objective manifestations of both parties demonstrate that the preliminary negotiations never resulted in a binding contract or legally enforceable promise.

**AFFIRMED.**